UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Aldrin Diaz :

v. : C.A. No. 04-0187-L

United States :

## APPLICATION FOR CERTIFICATE OF APPEALABILITY

This court, by its order on April 19, 2005, denied petitioner's motion under 28 U.S.C. § 2255. Petitioner desires to appeal from such order to the United States Court of Appeals for the First Circuit, and in order to take such appeal petitioner respectfully requests that this court issue a certificate of appealability, pursuant to the provisions of section 2253. Title 28; United States Code and Rule 22 of the Federal Rules of Appealant Procedure, and local Rules of the First Circuit; Rule 22.1.

Petitioner believes that he is entitled to redress on appeal, and petitioner further believes that a certificate of appealability should issue in this case on the following grounds:

## ISSUES WORTHY OF APPELLATE REVIEW.

1. Whether Petitioner's 6th Amendment rights were violated when trial counsel commited an exhausting list of cumulative failures, that combined, amounts to a Constitutionally dificient performance; denying petitioner a fair trial.

2. Whether Petitioner's 6th Amendment rights were violated when trial counsel failed to prepare a proper defense to the alegations in the indictment concerning dates and times of alleged gun possesion by petitioner.

3. Whether Petitioner's 6th Amendment rights were violated when trial counsel failed to object and protect petitioner's due process rights under the 14th Amendment from evidence and testimony that was undisclosed to the defense.

4. Whether trial counsel was inefective; violating petitioner's 6th Amendment rights when he failed to suppress prior gun charge that was on petitioner's criminal record that was simular to the charge that petitioner was on trial for, and allowing the jury to hear that petitioner was previously convicted with a simular charge.

5. Whether trial counsel was inefective; violating petitioner's 6th Amendment rights when he failed to call witnesses and present evidence at trial that he told jurors in opening statement he would present.

6. Whether trial counsel was inefective; violating petitioner's 6th Amendment rights when he did not object to inflamatory, prejudicial, and misleading statements by prosecutor that was not supported by the evidence and witness testimony, preventing petitioner from raising these issues on direct appeal.

7. Whether trial counsel was inefective; violating petitioner's 6th Amendment rights when he failed to prevent prejudicial testimony of evidence of alleged unindicted prior acts by petitiner.

8. Whether trial counsel was inefective; violating petitioner's 6th Amendment rights when he failed to ask the court for a continuance to prepare and challege damaging testimony by government star witness he allowed to come in, violating petitioner's due process rights under the 14th Amendment of the United States constitution.

**9.** Whether trial counsel was inefective; violating Petitioner's 6th Amendment rights when he failed to request a mistrial and/or file a motion for new trial, knowing he allowed and did not prepare for testimony of evidence that was prejudicial and undisclosed to the defense.

**10.** Whether trial counsel was inefective; violating Petitioner's 6th Amendment rights when he did not challenge or dismiss any jurors available at the jury selection process, not even when petitioner requested that he should on several occasions, because same gave him dirty looks and one was a police detail officer, allowing petitioner to proceed to trial with a jury not of his peers.

**11.** Whether trial counsel was inefective; violating Petitioner's 6th Amendment rights when he failed to properly investigate and prepare for a proper defense to the charged crime, and instead chose a justification defense that was not proper to defend against the alegations in the indictment, and was unsettled law in the circuit courts, allowing petitioner's direct appeal to be upheld because of unsettled law.

**12.** Whether trial counsel was ineffective; violating Petitioner's 6th Amendment rights when he agreed to a stipulation with the government that kept the jury from hearing impeachment evidence of the government's star witness, Clarista Calder, and not allowing petitioner to testify to those facts in his defense at trial.

**13.** Whether trial counsel was ineffective, violating petitioner's 6th Amendment rights when he failed to object to the courts ruling on whether to allow into trial a letter written by government star witness, Christa Calder that had inconsistent statements from those she gave at petitioner's trial.

14. Whether trial counsel was ineffective, violating petitioner's 6th Amendment rights when he failed to challenge or object to the judge's jury instuctions, knowing that he only prepared a defense of the night of January 28th of 2000, and not any other time, and knowing he allowed evidence of prior dates and times of gun possession by petitioner without objecting or suppressing any of it.

15. Whether petitioner can raise claims of prosecutorial misconduct on 28 U.S.C. § 2255 petition, on grounds that trial counsel was ineffective by not objecting to the blatant misconduct.

16. Whether Prosecutor violated Petitioner's due process rights under the 14th Amendment when she failed to disclosed to the defense in any of its discovery; dates of alleged gun possession by petitiner, and then allowed government witness to testify to the undisclosed dates.

17. Whether prosecutor violated petitioner's due process rights under the 14th Amendment when she made several statements to the jury in her closing arguments that were inflamatory and prejudicial, and not supported by the facts and the evidence at trial.

18. Whether Prosecutor violated Petitioner's due process rights under the 14th Amendment when she capitalized on undisclosed and false trial testimony during her closing arguments in summations.

19. Whether prosecutor violated Petitioner's due process rights under the 14th Amendment when she allowed government's witness, Christa Calder, to testify to matters listed in the government's 404(B) notice, even though she made a stipulation with defense counsel that she would not do so.

20. Whether **Apprendi v. New Jersey, 530 U.S. 466, 490 147 L.Ed.,** applied to petitioner's case at the time that petitioner was sentenced on March 13, 2001, and resentenced on september 23, 2002.

21. Whether **Blakely v. Washington, 124, S.Ct. 2531 (2004) is an extention of the Apprendi v. New Jersey,** 120. S.Ct. 2348 (2000) Rule, and if so, is that rule applicable to petitioner's case since **Apprendi** was case law at the time petitioner was sentenced.

22. Whether the District Court, violated Petitioner's 6th Amendment right to a jury trial when the sentencing judge enhanced petitioner's sentence to the maximum allowed under the Federal sentencing guidlines on facts that were not presented to the jury at trial, and facts not supported by the jury's verdict.

23. Whether trial counsel, at first sentencing, appellant counsel on first appeal; resentencing and second appeal counsel were all ineffective under the 6th Amendment when none of them failed to challenge or claim a violation of petitioner's 6th Amendment right to a trial by jury when the sentencing court enhanced petitioner's sentence to the maximum allowed under the guidlines on facts not presented to the jury at trial , and facts not supported by the jury's verdict.

This court has all ready reviewed the record and arguments made in support of each of these claims for relief, petitioner will not rehash these issues here.

**WHEREFORE,** for all the foregoing reasons, Pro Se Petitioner respectfully requests that this court grant a certificate of appealability on each of the aformentioned issues.If this court does not issue such certificate, Petitioner requests that this court give statements as to why each issue is not appealable.

Date: 5-26-05

Respectfully submitted,

Aldrin Diaz Pro Se
P.O. Box 8273
Cranston, R.I. 02920

**CERTIFICATION**

I, Aldrin Diaz, Pro Se, do hereby swear and certify that I mailed a true and accurate copy of this Application for Certificate of Appealability, by first class mail, postage prepaid, to the United States Attorney's office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, R.I. 02903, on the 26 day of May, 2005.

Aldrin Diaz Pro Se
P.O. Box 8273
Cranston, R.I. 02920

cc:File