UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Aldrin Diaz :

V. : C.A. No. 04-0187-L

United States :

## APPLICATION FOR CERTIFICATE OF APPEALABILITY

This court, by its order on April 19, 2005, denied petitioner's motion under 28 U.S.C. § 2255. Petitioner desires to appeal from such order to the United States Court of Appeals for the First Circuit, and in order to take such appeal petitioner respectfully requests that this court issue a certificate of appealability, pursuant to the provisions of section 2253. Title 28; United States Code and Rule 22 of the Federal Rules of Appeallant Procedure, and local Rules of the First Circuit; Rule 22.1.

Petitioner believes that he is entitled to redress on appeal, and petitioner further believes that a certificate of appealability should issue in this case on the following grounds:

## ISSUES WORTHY OF APPELLATE REVIEW.

1. Whether Petitioner's 6th Amendment rights were violated when trial counsel commited an exhausting list of cumulative failures, that combined, amounts to a Constitutionally dificient performance; denying petitioner a fair trial.

2. Whether Petitioner's 6th Amendment rights were violated when trial counsel failed to prepare a proper defense to the alegations in the indictment concerning dates and times of alleged gun possesion by petitioner.

3. Whether Petitioner's 6th Amendment rights were violated when trial counsel failed to object and protect petitioner's due process rights under the 14th Amendment from evidence and testimony that was undisclosed to the defense.

4. Whether trial counsel was inefective; violating petitioner's 6th Amendment rights when he failed to suppress prior gun charge that was on petitioner's criminal record that was simular to the charge that petitioner was on trial for, and allowing the jury to hear that petitioner was previously convicted with a simular charge.

5. Whether trial counsel was inefective; violating petitioner's 6th Amendment rights when he failed to call witnesses and present evidence at trial that he told jurors in opening statement he would present.

6. Whether trial counsel was inefective; violating petitioner's 6th Amendment rights when he did not object to inflamatory, prejudicial, and misleading statements by prosecutor that was not supported by the evidence and witness testimony, preventing petitioner from raising these issues on direct appeal.

7. Whether trial counsel was inefective; violating petitioner's 6th Amendment rights when he failed to prevent prejudicial testimony of evidence of alleged unindicted prior acts by petitiner.

8. Whether trial counsel was inefective; violating petitioner's 6th Amendment rights when he failed to ask the court for a continuance to prepare and challege damaging testimony by government star witness he allowed to come in, violating petitioner's due process rights under the 14th Amendment of the United States constitution.

9. Whether trial counsel was inefective; violating Petitioner's 6th Amendment rights when he failed to request a mistrial and/or file a motion for new trial, knowing he allowed and did not prepare for testimony of evidence that was prejudicial and undisclosed to the defense.

10. Whether trial counsel was inefective; violating Petitioner's 6th Amendment rights when he did not challenge or dismiss any jurors available at the jury selection process, not even when petitioner requested that he should on several occasions, because same gave him dirty looks and one was a police detail officer, allowing petitioner to proceed to trial with a jury not of his peers.

11. Whether trial counsel was inefective; violating Petitioner's 6th Amendment rights when he failed to properly investigate and prepare for a proper defense to the charged crime, and instead chose a justification defense that was not proper to defend against the alegations in the indictment, and was unsettled law in the circuit courts, allowing petitioner's direct appeal to be upheld because of unsettled law.

12. Whether trial counsel was ineffective; violating Petitioner's 6th Amendment rights when he agreed to a stipulation with the government that kept the jury from hearing impeachment evidence of the government's star witness, Clarista Calder, and not allowing petitioner to testify to those facts in his defense at trial.

13. Whether trial counsel was ineffective, violating petitioner's 6th Amendment rights when he failed to object to the courts ruling on whether to allow into trial a letter written by government star witness, Christa Calder that had inconsistent statements from those she gave at petitioner's trial.

Date: 5-26-05

Respectfully submitted,

Aldrin Diaz Pro Se
P.O. Box 8273
Cranston, R.I. 02920

**CERTIFICATION**

I, Aldrin Diaz, Pro Se, do hereby swear and certify that I mailed a true and accurate copy of this Application for Certificate of Appealability, by first class mail, postage prepaid, to the United States Attorney's office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, R.I. 02903, on the 26 day of May, 2005.

Aldrin Diaz Pro Se
P.O. Box 8273
Cranston, R.I. 02920

Denied - there are no viable issues on appeal.
Ronald R. Lagueux
Sr. USDJ 6/2/05

cc:File