CERTIFIED COPY

CA:04-187
J. Lagueux

# United States Court of Appeals
## For the First Circuit

---

No. 05-1694

ALDRIN DIAZ,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

---

Before

Selya, Lynch, and Howard, Circuit Judges.

---

JUDGMENT

Entered: May 26, 2006

Petitioner Aldrin Diaz requests a certificate of appealability ("COA") from the district court's denial of his 28 U.S.C. §2255 habeas corpus petition.

After a thorough review of the record and of petitioner's submissions, petitioner's request for a COA is denied. The request fails to present a substantial showing or to raise a reasonably debatable argument that petitioner suffered a denial of a constitutional right. 28 U. S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Acknowledging petitioner's *pro se* status, we construe petitioner to have raised all twenty-seven arguments he raised below in support of his request for a COA: (1) seventeen claims of ineffective assistance of counsel; and (2) ten claims of prosecutorial misconduct. We also acknowledge that petitioner sought to supplement his petition to raise sentencing issues pursuant to United States v. Booker, 543 U.S. 220 (2005).

Petitioner's first seventeen claims allege ineffective assistance of counsel. "To successfully claim ineffective

assistance of counsel under the Sixth Amendment, a defendant must establish that his counsel's performance fell below an objective standard of reasonableness and 'that there was a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different.'" United States v. Theodore, 354 F.3d 1, 5-6 (1st Cir. 2003) (quoting Strickland v. Washington, 466 U.S. 668 (1984)). Petitioner has failed to prove either ineffective assistance or prejudice with respect to any of his ineffective assistance of counsel claims and, accordingly, has failed to pass the Strickland test.

Petitioner's prosecutorial misconduct claims fail because they are procedurally barred due to the fact that they were not raised on direct appeal. Reed v. Farley, 512 U.S. 339, 354 (1994). Petitioner has failed to show that any exception to this procedural bar is applicable in this case.

Furthermore, petitioner's effort to supplement his initial §2255 petition was to no avail. The district court correctly held that the Supreme Court's decision in Booker is not retroactively applicable on collateral review. Cirilo-Muñoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005); United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005).

For the reasons set forth above, petitioner's request for a certificate of appealability is denied, and the appeal is terminated.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY.

FIRST CIRCUIT COURT OF APPEALS
BOSTON, MA
By: [signature] Date: 5-26-6

By the Court:

Richard Cushing Donovan, Clerk.

By: JULIE GREGG
Operations Manager.

[Cert. cc: Hon. Ronald R. Lagueux and David DiMarzio, Clerk, U.S.D.C. of Rhode Island, cc: Messrs: Diaz, Lockhart and Rose]